[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No: 34-056 J.D. CT Page 1451
Elliot R. Warren, Defense Counsel, for Petitioner
John Smriga, Assistant State's Attorney for the State.
BY THE DIVISION
The petitioner entered a guilty plea to Possession of Narcotics with Intent to Sell, a violation at C.G.S. 21A-277(A). Petitioner sold 3,499 tabs of Lysergic Acid Diethylamide, (LSD) to an undercover state police officer for $2500. The petitioner was sentenced to 10 years execution suspended after five years and three years probation.
At the onset of the hearing the question was raised on whether the division has jurisdiction to review the petitioner's sentence. Upon inquiry by members of the division it was learned that the sentencing court was asked to impose a sentence that had a cap on it, well below the statutory maximum. Here the state indicated that a cap of 10 years with giving the petitioner the right to argue for less was negotiated.
Petitioner's counsel, at the hearing agreed that the reason he was before the division was that he felt the court should have imposed a sentence of lesser time within the range of the cap of ten years. Petitioner's counsel at the hearing stated:
 Court: So you are here because the judge came in at a higher point than you wished him to be within the cap?
 Petitioner's That is also correct. Counsel:
Sentence Review is not available in --- "any case in which the sentence or commitment imposed resulted from the Court's acceptance of a plea agreement of in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement. . . ." Conn. Gen. Stat. 51-195.
A plea agreement contemplates, inter alia, a plea of guilty on condition that the sentence imposed will not exceed specified terms, or that the prosecuting authority will recommend a specific sentence. Conn. Practice Book, Sec. 692.
This case is distinguishable from Staples v. Palten,214 Conn. 195 (1990) in which it was held that where the only agreement reached was that the defendant would plead guilty to a particular charge without any agreement as to a specific CT Page 1452 sentence recommendation, the defendant would be entitled to a sentence review hearing.
In the present case there was indeed an understanding that the State would recommend a specific sentence, to wit, a period of incarceration not to exceed ten years. The sentencing Court was obliged to impose that or a lesser sentence, or otherwise permit the defendant to withdraw his pleas of guilty.
The division concludes that there was a plea agreement in this case, and that the sentence imposed was within the terms of the agreement. Accordingly, the petitioner is not entitled to have his sentence reviewed and the application is dismissed.
PURTILL, J. KLACZAK, J. NORKO, J.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.